**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TAIAN FINANCIAL LLC, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| INSUBUY, INC. | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, Plaintiff TAIAN FINANCIAL LLC complaining of Defendant INSUBUY, INC., in this its Plaintiff's Original Complaint and for cause of action would respectfully show unto the Court as follows, to-wit:

**I. PARTIES**

1.      Taian Financial, LLC, (hereinafter "Plaintiff") is a limited liability company duly organized and existing under the laws of the State of Indiana, having its principal place of business at 13747 Fieldshire Terrace, Carmel, Indiana 46074.

2.      Insubuy, Inc. (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 4700 Dexter Dr, Suite 100, Plano, TX 75093 and may be served by delivering a copy of the Summons and Complaint herein to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process.  Alternatively, Defendant may be served with process by serving its registered agent Narendra Khatri at 4700 Dexter Dr., Ste 100, Plano, TX 75093.

## II.  JURISDICTION

3.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et. seq*.  The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).  The Court also has supplemental/pendent jurisdiction over any claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) when such claims arise out of the same operative facts as the federal claims.  This Court has personal jurisdiction over Defendant because Defendant resides and/or has its principal place of business in this district.  Personal jurisdiction is also proper over Defendant because Defendant sells and offers for sale goods and/or services, and otherwise conducts business, in Texas, including in this judicial district.

## III.  VENUE

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides within this district and transacts business within this district.  In addition, Plaintiff has suffered harm in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## IV.  AGENCY & RESPONDEAT SUPERIOR

5.      In this Complaint, whenever it is alleged that Defendant did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or employment of the Defendant or its agents,

officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of the Defendant.

## V.  FACTS COMMON TO ALL CLAIMS

6.      Plaintiff is an international medical insurance brokerage company that provides insurance products and services to customers located in the United States and other countries of the world, including the Chinese speaking populations.

7.      Plaintiff partners with only the most financially secure insurers with top quality ratings, thereby providing customers with assurance and peace of mind.

8.      International Medical Group, Inc., ("IMG") a partner of Plaintiff, is a worldwide leader in the international medical insurance business.  Plaintiff is an endorsed IMG Independent Chinese Sales Center, providing customers professional, prompt service and helping to make the insurance experience as easy as possible.

9.      Furthermore, Plaintiff's Internet website is accessible around the world, including mainland China, to assist Chinese speaking populations located in countries around the world, including the United States, with insurance needs

10.      In addition, Plaintiff partners with universities, teachers, students, travel agents and other organizations and individuals to assist Chinese speaking students who enter into the United States for educational purposes and who are in need of insurance products and services.

11.      Therefore, Plaintiff provides assistance to both Chinese speakers and English speakers with their insurance needs.

12.      Because it has partnered with IMG, Plaintiff utilizes insurance documentation from IMG, which it provides to its customers and potential customers.  Originally written in

English, the documents convey information about insurance and about the application for insurance.

13.     To properly assist those who read and understand the Chinese language but not the English language, Plaintiff created annotations and overlays written in the Chinese language and placed those annotations and overlays on IMG documents.  Then, these revised and rewritten documents are provided to Plaintiff's customers and potential customers.

14.     The Chinese annotations created by Plaintiff convey useful information in Chinese to the reader of the document about insurance and the application for insurance.  For example, some of the annotations and overlays are a translation of the English language content that was created by IMG into the Chinese lanugage, while other annotations provide the reader with additional information in Chinese about insurance and the application for insurance.

15.     On or about December 30, 2012, Plaintiff created original and creative works of authorship entitled "Chinese Annotation of IMG Insurance Applications" (hereinafter "2012 Annotations").   The 2012 Annotations were written in Chinese and were affixed to IMG documentation.  *See* Exhibit "A-1" attached hereto and incorporated herein for all purposes.

16.     On August 9, 2015, Plaintiff submitted a copyright application, deposit and filing fee for the 2012 Annotations to the U.S. Copyright Office at the Library of Congress. *See* Exhibit "A-2" attached hereto and incorporated herein for all purposes.

17.     Plaintiff is the sole owner of the 2012 Annotations and of the rights and privileges that flow therefrom and has not licensed any right in and to the 2012 Annotations to Defendant.

18.     On or about June 15, 2015, Plaintiff created original and creative works of authorship entitled "Chinese Annotation of IMG Insurance Applications June 2015" (hereinafter "2015 June Annotations").  The 2015 June Annotations were written in Chinese and were affixed

to IMG documentation. *See* Exhibit "B-1" attached hereto and incorporated herein for all purposes.

19.     On August 9, 2015, Plaintiff submitted a copyright application, deposit and filing fee for the 2015 June Annotations to the U.S. Copyright Office at the Library of Congress. *See* Exhibit "B-2" attached hereto and incorporated herein for all purposes.

20.     Plaintiff is the sole owner of the 2015 June Annotations and of the rights and privileges that flow therefrom and has not licensed any rights in and to the 2015 June Annotations to Defendant.

21.     On or about August 7, 2015, Plaintiff created original and creative works of authorship entitled "Chinese Annotation of IMG Insurance Applications August 2015" (hereinafter "2015 August Annotations").   The 2015 August Annotations were written in Chinese and were affixed to IMG documentation. *See* Exhibit "C-1" attached hereto and incorporated herein for all purposes.

22.     On August 9, 2015, Plaintiff submitted a copyright application, deposit and filing fee for the 2015 August Annotations to the U.S. Copyright Office at the Library of Congress. *See* Exhibit "C-2" attached hereto and incorporated herein for all purposes.

23.     Plaintiff is the sole owner of the 2015 August Annotations and of the rights and privileges that flow therefrom and has not licensed any rights in and to the 2015 August Annotations to Defendant.

24.     On information and belief, Defendant is an insurance brokerage company that provides insurance products and services to customers.

25.     On or about July 27, 2015 a representative of Plaintiff came to know of Defendant's copying of Plaintiff's content, specifically, the 2012 Annotations, the 2015 June Annotations and the 2015 August Annotations.

26.     Defendant copied, adapted, reproduced, distributed and/or displayed Plaintiff's copyrighted works without Plaintiff's consent or authority.

27.     More specifically, Defendant copied, reproduced, distributed and/or displayed Plaintiff's 2012 Annotations, 2015 June Annotations and 2015 August Annotations (the "infringing material") without Plaintiff's consent or authority. *See* Exhibit "D" attached hereto and incorporated herein for all purposes, which is a screenshot captured from Defendant's Internet website on August 7, 2015.

28.     Defendant utilized the infringing material on its Internet website, among other places.

29.     Specifically by way of example, Defendant has infringed the 2012 Annotations and 2015 June Annotations as shown in Defendant's infringing material. *See* Exhibit D, Pgs. 1-4 and 6-7.

30.     Also, specifically by way of example, Defendant has infringed the 2015 June Annotations and 2015 August Annotations as shown in Defendant's infringing material. *See* Exhibit D, Pg. 5.

31.     On August 17, 2015, Plaintiff, through its legal counsel, sent a cease-and-desist letter to Defendant, demanding that Defendant cease-and-desist the infringement and remove the infringing material from its Internet website. *See* Exhibit "E" attached hereto and incorporated herein for all purposes.

32.     On August 27, 2015, Defendant, through its legal counsel, responded to the cease-and-desist letter and made insignificant and immaterial changes to the infringing material.  But, Defendant has continued its copyright infringement.

33.     Without permission, Defendant has exercised exclusive rights belonging solely to Plaintiff, and as a result, Plaintiff has been damaged.

34.     Plaintiff has been damaged because Defendant has profited from the infringement.  Furthermore, Plaintiff has been damaged because Defendant's use of Plaintiff's works has caused customers and potential customers who speak Chinese to engage the services of Defendant instead of Plaintiff.

35.     Defendant has continues its infringement of Plaintiff's copyrights even after Plaintiff demanded that Defendant stop.   Thus, Defendant's infringement of Plaintiff's copyrights is being done willfully and knowingly.

## VI.  CAUSES OF ACTION

### COUNT I

### COPYRIGHT INFRINGEMENT: 2012 ANNOTATIONS

36.     Plaintiff re-alleges and incorporates by reference the allegations above, including, but not limited to, the allegations in paragraphs 6-35, as if the same were fully set forth herein.

37.     The 2012 Annotations comprise a substantial amount of original and creative material, which conveys information to the reader.  Furthermore, the 2012 Annotations are fixed in a tangible medium of expression.  As a result, the 2012 Annotations are copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq.*

38.     Without consent, authorization, approval or license, Defendant copied, published, reproduced, adapted, distributed and/or displayed publically Plaintiff's copyrighted 2012

Annotations, material portions thereof, or prepared derivative works therefrom and continues to do so to date.

39.     Therefore, Defendant has infringed and is infringing Plaintiff's copyright in the 2012 Annotations.

40.     On information and belief, Defendant's infringement has been knowing and willful.

41.     By this unlawful copying, use, reproduction, display and/or distribution, Defendant has violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

42.     Defendant has realized unjust profits, gains and advantages as a result of its infringement and will continue to do so as long as such infringement continues.

43.     As a result, Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

44.     Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

45.     Furthermore, Plaintiff is entitled its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

46.     Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury for which such injury cannot fully be compensated or measured in money.   Therefore, Plaintiff has no adequately remedy at law. Consequently, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction, prohibiting Defendant from further infringing on its copyrights and exclusive rights therein.

## *COUNT II*

## *COPYRIGHT INFRINGEMENT: 2015 JUNE ANNOTATIONS*

47.     Plaintiff re-alleges and incorporates by reference the allegations above, including, but not limited to, the allegations in paragraphs 6-35, as if the same were fully set forth herein.

48.     The 2015 June Annotations comprise a substantial amount of original and creative material, which conveys information to the reader.  Furthermore, the 2015 June Annotations are fixed in a tangible medium of expression.  As a result, the 2015 June Annotations are copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq*.

49.     Without consent, authorization, approval or license, Defendant copied, published, reproduced, adapted, distributed and/or displayed publically Plaintiff's copyrighted 2015 June Annotations, material portions thereof, or prepared derivative works therefrom and continues to do so to date.

50.     Therefore, Defendant has infringed and is infringing Plaintiff's copyright in the 2015 June Annotations.

51.     On information and belief, Defendant's infringement has been knowing and willful.

52.     By this unlawful copying, use, reproduction, display and/or distribution, Defendant has violated Plaintiff's exclusive rights under 17 U.S.C. §106.

53.     Defendant has realized unjust profits, gains and advantages as a result of its infringement and will continue to do so as long as such infringement continues.

54.     As a result, Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

55.     Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

56.     Furthermore, Plaintiff is entitled its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

57.     Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury for which such injury cannot fully be compensated or measured in money.   Therefore, Plaintiff has no adequately remedy at law. Consequently, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction, prohibiting Defendant from further infringing on its copyrights and exclusive rights therein.

### COUNT III

### COPYRIGHT INFRINGEMENT: 2015 AUGUST ANNOTATIONS

58.     Plaintiff re-alleges and incorporates by reference the allegations above, including, but not limited to, the allegations in paragraphs 6-35, as if the same were fully set forth herein.

59.     The 2015 August Annotations comprise a substantial amount of original and creative material, which conveys information to the reader.   Furthermore, the 2015 August Annotations are fixed in a tangible medium of expression.   As a result, the 2015 August Annotations are copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq*.

60.     Without consent, authorization, approval or license, Defendant copied, published, reproduced, adapted, distributed and/or displayed publically Plaintiff's copyrighted 2015 August Annotations, material portions thereof, or prepared derivative works therefrom and continues to do so to date.

61.     Therefore, Defendant has infringed and is infringing Plaintiff's copyright in the 2015 August Annotations.

62.     On information and belief, Defendant's infringement has been knowing and willful.

63.     By this unlawful copying, use, reproduction, display and/or distribution, Defendant has violated Plaintiff's exclusive rights under 17 U.S.C. §106.

64.     Defendant has realized unjust profits, gains and advantages as a result of its infringement and will continue to do so as long as such infringement continues.

65.     As a result, Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

66.     Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

67.     Furthermore, Plaintiff is entitled its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

68.     Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury for which such injury cannot fully be compensated or measured in money.   Therefore, Plaintiff has no adequately remedy at law. Consequently, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction, prohibiting Defendant from further infringing on its copyrights and exclusive rights therein.

## VII.  DAMAGES

69.     As a result of the Defendant's copyright infringement, Plaintiff has incurred and/or will incur the following damages:

A.  Reasonable and necessary attorneys' fees and costs in the proceedings before this court, and those fees required for any appeal to the Court of Appeals, and thereafter to the Supreme Court.

B.  The loss of profits and any other actual damages sustained by Plaintiff due to Defendant's unlawful conduct;

C.  Defendant's profits unjustly received due to Defendant's unlawful conduct; and

D.  Statutory damages.

## VIII.  DEMAND FOR JURY

70.  Plaintiff requests a jury trial of all issues in this action so triable.

## IX.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of a judgment ordering and declaring:

1.  that, preliminarily pending trial of this action and permanently thereafter, Defendant and its agents, servants, employees, successors, licensees, and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with it, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or cause to be done, either directly or indirectly, by any means, method or device, any of the following acts: directly or indirectly infringing on Plaintiff's copyrights, including, without limitation, Plaintiff's rights in the 2012 Annotations, 2015 June Annotations and 2015 August Annotations by copying, publishing,

reproducing, adapting and/or displaying any portion thereof, including any derivative works therefrom;

2. that the Court order the impoundment and destruction of all of the Defendant's infringing material, including, without limitation, Defendant's unlawful copies of the 2012 Annotations, 2015 June Annotations and 2015 August Annotations;

3. that the Defendant be required to pay to Plaintiff such actual damages as it has sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504(b);

4. that Defendant be required to account for and disgorge to Plaintiff all gains, profits and advantages derived by its copyright infringement pursuant to 17 U.S.C. § 504(b);

5. that Defendant be required to pay Plaintiff statutory damages pursuant to 17 U.S.C. § 504(c);

6. that Defendant be required to pay Plaintiff an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

7. that Defendant be ordered to pay to Plaintiff the costs of this action along with reasonable attorneys' fees; and

8. that Plaintiff be granted such further relief as the Court deems just, necessary and proper.

Respectfully Submitted,

/s/    *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
J.B. Peacock, Jr.
State Bar No. 15678500
Colin P. Benton
State Bar No. 24095523
**GAGNON, PEACOCK & VEREEKE PLLC**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:   (214) 824-5490
Email:  attorneys@gapslaw.com

ATTORNEYS FOR PLAINTIFF